UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ULYSSES VAN KEYS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:14-CV-510-RLJ |
| ) | 3:12-CR-97-RLJ-CCS-2 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 84]. The government filed its response [Doc. 89], and Petitioner filed a reply requesting an evidentiary hearing [Doc. 94]. Petitioner subsequently filed a supplemental request for "additional § 2255 relief," citing the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Doc. 100]. The Court liberally interprets this supplement as a motion for leave to amend; the government opposes the request [Doc. 105]. For the reasons stated below, Petitioner's request for an evidentiary hearing [Doc. 94] will be **DENIED** and § 2255 motion [Docs. 84, 100] will be **DISMISSED WITH PREJUDICE.**

I.  **BACKGROUND**

Petitioner assisted with an armed robbery of a CVS pharmacy on August 5, 2012 [Doc. 37 pp. 2–3], subsequently pleading guilty to aiding and abetting the pharmacy robbery, in violation of 18 U.S.C. §§ 2 and 2118(a), and aiding and abetting the use and brandishment of a firearm during and in relation to that robbery, in violation of 18 U.S.C. §§ 2 and 924(c) [*Id.* at 1]. He stipulated to several facts, including: (1) co-defendant Kevin Andrew Beets ("Beets") entered the CVS pharmacy located at or near 417 East Emory Road, Powell, Tennessee on August 5,

2012; (2) that pharmacy was registered with the Drug Enforcement Administration under § 302 of the Controlled Substances Act; (3) Petitioner knew Beets took a firearm into the CVS pharmacy, but nonetheless chose to wait for his co-defendant outside the store in an automobile; (4) Beets brandished and pointed the firearm at an employee of the pharmacy, demanding oxycodone pills and threatening to shoot the victim if he "pushed any buttons;" (5) Beets, aided and abetted by Petitioner, fled the CVS pharmacy with oxycodone pills exceeding $500 in value; and (6) after crashing the get-away vehicle, police arrested Petitioner after finding the firearm and stolen oxycodone pills [*Id.* at 2–3; Doc. 83 pp. 12–13].

Relying in part on the above-stipulated factual basis, this Court accepted Petitioner's plea, adjudicated him guilty [Doc. 83 pp. 14, 14–18], and sentenced him to a total within-Guidelines sentence of 130 months' imprisonment on October 24, 2013—46 months for the pharmacy robbery and a mandatory consecutive 84 months for the § 924(e) offense [Doc. 63]. No appeal was taken and Petitioner filed the current timely § 2255 petition on October 27, 2014. *See e.g.*, *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) ("When a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004))); *see also* 28 U.S.C. § 2255(f)(1) (explaining the one-year statute of limitations runs from the date on which the judgment "becomes final"); Fed. R. App. P. 4(b)(1)(A) (2013) (requiring notice of appeal be filed within 14 days of entry of the judgment being appealed).

II.     **RESOLUTION OF PETITIONER'S NON-DISPOSITIVE MOTIONS**

    A.     **Timeliness of Petitioner's Motion for Leave to Amend**

On August 17, 2015, Petitioner filed what the Court interprets to be a request for leave to amend his § 2255 motion, supplementing the original ineffective assistance claims with a collateral challenge based on the Supreme Court's recent decision invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Court finds that it need not determine the timeliness of the motion because, even assuming the Court were to find that *Johnson* triggered a renewed limitations period under § 2255(f)(3), *see* 28 U.S.C. § 2255(f)(3) (providing an alternative commencement from "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"), Petitioner's proposed claim would necessarily fail as a matter of law.

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Petitioner, however, was not sentenced under the ACCA, which only applies to persons convicted under 18 U.S.C. § 922(g). Nor was he sentenced using a provision of the United States Sentencing Guidelines that has language similar to the ACCA's residual clause. *See e.g.*, U.S. Sentencing Manual §§ 4B1.1 and 4B1.2 (containing career offender enhancement tracking the language of the residual clause of the ACCA). Accordingly, *Johnson* is not relevant to Petitioner's case and he is precluded from relying on the opinion as a basis for § 2255 relief.

### B.     Motion for a Prompt Evidentiary Hearing

Under Rule 8 of the rules governing § 2255 proceedings in United States District Courts (the "§ 2255 Rules"), courts must determine, based on a review of the answer and the record, whether an evidentiary hearing is required. *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015) (quoting *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013)). The burden to show an entitlement to an evidentiary hearing is relatively light, but must offer more than mere assertions

of innocence. *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). For example, a petitioner is entitled to an evidentiary hearing where he presents "a factual narrative of the events that is neither contradicted by the record nor inherently incredible and the government offers nothing more than contrary representations to contradict it." *Huff*, 734 F.3d at 707 (quoting *Valentine*, 488 F.3d at 334); *see also Pola*, 778 F.3d at 534 (noting an evidentiary hearing would be required where affidavits directly contradicted each other regarding whether petitioner had requested counsel to file a notice of appeal). In contrast, an evidentiary hearing is not required where the record conclusively shows a petitioner is entitled to no relief. *Huff*, 734 F.3d at 607 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Petitioner has not identified any material factual dispute requiring resolution by way of an evidentiary hearing. Further, for reasons discussed in subsequent sections, the Court finds the undisputed record conclusively precludes collateral relief. His request for a "prompt evidentiary hearing" [Doc. 94 p. 7] will be **DENIED** accordingly.

### III. STANDARD OF REVIEW AND RESOLUTION OF TIMELY CLAIMS

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

The petition articulates a single ground of collateral challenge, dividing that ground into two separate theories of ineffective assistance of trial counsel [Doc. 84]. Petitioner claims that trial counsel rendered constitutionally deficient assistance by (1) failing to dispute the factual basis underlying Petitioner's guilty plea [Doc. 84-1 pp. 6–12] and (2) not interviewing Petitioner's cousin about the events leading up to the charged offense [*Id.* at 13–16].

A. **Ineffective Assistance of Counsel Claims**

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in

5

trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

### 1. Theory One: Failure to Challenge Factual Basis of Plea

Petitioner's first theory alleges his attorney deviated from professional norms by failing to challenge the accuracy of the factual basis stipulated in Petitioner's plea agreement [Doc. 84-1 pp. 6–12]. Petitioner cites *Rosemond v. United States*, 134 S. Ct. 1240 (2014), arguing his stipulation to the factual basis contained in the plea agreement, without additional corroborating evidence, provides insufficient grounds for accepting his plea to the § 924(c) offense [*Id.* at 6–8 (arguing the factual basis failed to establish all the elements of the offense, rendering the government unable to meet its burden of proof)]. He goes on to argue that the factual basis itself lacks any external corroboration [*Id.* at 9–12 (arguing he has no memory of the incident and citing the absence of any external evidence proving he had pre-existing knowledge of the firearm)]. Petitioner argues that counsel's failure to raise objections on either ground amounted to a dereliction of his representative responsibilities.

Respondent rejects Petitioner's interpretation of *Rosemond* and argues ample basis existed for the Court's approval of the stipulated factual basis as well as the Court's acceptance of Petitioner's guilty plea based in part on such stipulation [Doc. 89 pp. 4–7].

While it is true that a district court is required to ensure every plea that it accepts is supported by a factual basis, Fed. R. Crim. P. 11(b)(3), that basis need not be limited to facts whose truth the defendant can confirm based upon his own personal knowledge. Rather, a "district court may determine the existence of the [requisite]. . . factual basis from a number of sources, including a statement on the record from the government prosecutors as well as a statement from the defendant." *United States v. Tunning*, 69 F.3d 107, 112 (6th Cir. 1995) (quoting *United*

6

States v. Goldberg*, 862 F.3d 101, 105 (6th Cir. 1988); *see also United States v. Sarabia*, No. 12-6538, 2015 WL 151706 (6th Cir. Jan. 13, 2015) (affirming the district court's reliance on a factual basis whose accuracy the defendant partially disputed). As long as the factual basis covers each of the elements of the offenses to which the defendant pleads guilty, it is sufficient to support the plea. *See Tunning*, 69 F.3d at 112 ("We hold today that there is no difference in the requirements of [Rule 11] for a defendant who pleads guilty and admits to acts constituting the crime and a defendant who pleads guilty but either 1) affirmatively protests his innocence or 2) refuses to admit to acts constituting the crime.").

The Supreme Court explained in *Rosemond* that a prosecutor attempting to establish guilt for aiding and abetting under § 924(c) is required to establish "that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." 134 S. Ct. at 1243. In reaching that conclusion, the Court explained that aiding and abetting liability requires proof of two elements: "(1) an affirmative act in furtherance of [the underlying] offense, (2) with the intent of facilitating the offense's commission." *Id.* at 1245. When the offense is a violation of § 924(c), the first element is satisfied by proof that the defendant facilitated the violent felony. *See id.* at 1247 ("It is inconsequential . . . that his acts did not advance each element of the offense; all that matters is that they facilitated one component."). The second element requires that the defendant's intent "go to . . . the full scope (predicate crime plus gun use) of § 924(c)." *Id.* at 1248. In other words, the prosecutor must establish that the defendant "decided to join in the criminal venture and share in its benefits, with full awareness of its scope—that the plan calls not just for a [violent crime], but for an armed one." *Id.* at 1249. Proof of advance knowledge need

7

not be direct, however, since "the factfinder can draw inferences about a defendant's intent based on all the facts and circumstances of a crime's commission." *Id.* at 1250 n.9.

The factual stipulation contained in Petitioner's plea agreement establishes that he facilitated the underlying pharmacy robbery by driving the get-away vehicle [Doc. 37 ¶ 3; Doc. 83 pp. 12–13]. The same stipulation provided ample basis for the court to conclude Petitioner had advance knowledge of firearm use as well [Doc. 37 ¶ 3 (stipulating that he "knew that co-defendant Beets took the firearm into the CVS pharmacy" and, nonetheless, "wait[ed] for . . . Beets outside the store in an automobile"); Doc. 87 pp. 12–13 (same)]. As a result, the Court finds that the Government provided sufficient factual basis for acceptance of Petitioner's guilty plea under *Rosemond* and that Petitioner has failed to establish he was somehow "actually innocent" of the crime plead. *See* 134 S. Ct. at 1248 (explaining the "intent requirement [is] satisfied when a person actively participates in a criminal venture with full knowledge of the circumstances constituting the charged offense"); *Standefer v. United States*, 447 U.S. 10, 14–19 (1980) (noting one who "aids, abets, counsels, commands, induces or procures" commission of a federal offense "is punishable as a principal").

The Court similarly rejects any notion that the factual basis itself lacked sufficient external support to serve as a basis for accepting Petitioner's plea. Despite Petitioner's assertion to the contrary [Doc. 84-1 pp. 10–13 (claiming no external evidence demonstrated the veracity of the factual basis and arguing his own stipulation to such facts was insufficient because of his undisputed lapse in memory)], ample circumstantial evidence corroborated the facts stipulated in the plea agreement. *See e.g.*, *West v. Bell*, No. 3:01-cv-91, 2004 U.S. Dist. LEXIS 32425, at *283 (E.D. Tenn. Sept. 30, 2004) (explaining the petitioner "would not be entitled to any habeas relief because the circumstantial evidence, along with the physical evidence, supports the

8

conviction on the theory that both defendants actively participated and aided and abetted each other in the commission of the crimes"); *see also Goldberg*, 862 F.2d at 106 ("'While the exact method of producing a factual basis on the record is subject to a flexible standard of review, the need to have some factual basis will continue to be a rule subject to no exceptions.'" (quoting *United States v. Fountain*, 777 F.2d 351, 357 (7th Cir. 1985)). First, it was undisputed at sentencing that Beets had been carrying a "long gun"—a kind of gun that Petitioner would certainly have seen while driving around with Beets before the robbery—and that it was "foreseeable that [Petitioner] knew that Beets was going to take that long gun into the pharmacy" [Doc. 68 pp. 11–13 (acknowledging defendant's wreck had caused him to lose any memory of the event, but noting the above facts as evidence that he participated in the crime with full knowledge of its scope)]. Second, trial counsel informed the Court at the plea hearing that he and Petitioner had "looked at the video and [other] evidence in the case," had "actually talked to the attorney that represents the codefendant and [learned] what the codefendant would say," and had concluded, "[b]ased on all that 'evidence, that [P]etitioner had committed both aiding and abetting offenses'" [Doc. 83 pp. 5–6].

While "no procedural device for the taking of guilty pleas is so perfect in design and exercise as to warrant a per se rule rendering it 'uniformly invulnerable to subsequent challenge,'" *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)), "representations of the [petitioner], his lawyer, and the prosecutor at [the original plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding," *id.* at 74. Thus, it is said that "[s]olemn declarations in open court carry a strong presumption of verity," *id.*, and justify summary dismissal of any challenge based on conclusory assertions or contentions incredible on

9

the face of the record, *id.* Petitioner is bound by his earlier sworn admissions and, as a result, unable to establish actual innocence based on the current contradictory assertions. Trial counsel did not deviate from professional norms by failing to object to the stipulated facts.

### 2. Ground Two: Failing to Interview Potential Witness

Petitioner's second theory of ineffective assistance alleges counsel deviated from professional norms by failing to interview Petitioner's cousin, who was allegedly with Petitioner "minutes before the instant offense" [Doc. 84-1 pp. 13–16 (arguing counsel erred by allowing Petitioner to stipulate to a factual recitation of events without corroborating those events with an individual who Petitioner had identified as being present in the "minutes leading up to the . . . offense"). Notably absent is any suggestion that (1) Petitioner's cousin's testimony would have been exculpatory, i.e., would have outlined a serious of events differing from those stipulated to in the plea agreement, or (2) the presence of such testimony would have obviated the otherwise sufficient factual basis for accepting Petitioner's plea. *See Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) (explaining that a § 2255 petition containing only conclusory averments with "no factual material upon which to test the validity of [such] conclusions does not call for an evidentiary hearing," much less relief). The resulting inability to establish that he was prejudiced by trial counsel's alleged omission necessarily precludes any form of collateral relief. *See Hynes*, 467 F.3d at 970 (denying collateral relief under § 2255 where the petitioner failed to establish that he was prejudiced by trial counsel's alleged deficiencies in performance).

### IV. CONCLUSION

For the reasons discussed above, Petitioner's request for an evidentiary hearing [Doc. 94] will be **DENIED** and amended § 2255 petition [Doc. 84, 100] will be **DISMISSED WITH PREJUDICE.** The Court will **CERTIFY** any appeal from this action would not be taken in

10

good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED.**

    ENTER:

    s/ Leon Jordan
    United States District Judge